UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AQUATHERM, LLC; CORNERSTONE TECHNOLOGIES, LLC; STAG II LINDON, LLC; STAG INDUSTRIAL, INC.; and VIVINT, INC.,<br><br>Plaintiffs,<br>v.<br><br>CENTIMARK CORPORATION,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DISCOVERY MOTION**<br><br>Case No. 2:16-cv-1097-DN-PMW<br><br>Chief District Judge David Nuffer<br>Chief Magistrate Judge Paul M. Warner |

Chief Judge David Nuffer referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Centimark Corporation's ("Centimark") Motion to Compel Discovery Requests from Stag II Lindon, LLC and Deem Matters Admitted.[2] Having reviewed the parties' briefs and the relevant law, the court renders the following Memorandum Decision and Order.[3]

## BACKGROUND

The above captioned lawsuit is a property damage subrogation action brought by several insurance companies to recover damages for a fire allegedly caused by Centimark. In 2013, Stag II Lindon, LLC ("Stag") hired Centimark to perform roofing work on Stag's commercial property in Lindon, Utah.[4] At the time, Stag's property was leased to several tenants, including: Aquatherm, LLC; Cornerstone Technologies, LLC; and Vivint, Inc.[5] While working on Stag's

---

[1] Dkt. No. 16.
[2] Dkt. No. 15.
[3] Pursuant to DUCivR 7-1(f) and DUCivR 37-1, the court elects to determine the present motion on the basis of the written memorandum and finds that oral argument would not be helpful or necessary.
[4] Dkt. No. 2, Ex. B at ¶ 15.
[5] *Id.* at ¶ 22.

1

roof, Centimark allegedly damaged the roof's de-icing cable which subsequently caused a fire.[6] The fire allegedly caused damage to Stag's building and its tenants businesses.[7]

At the time of the fire, Stag and its tenants were covered by insurance policies issued by Liberty Mutual Insurance Company, American Economy Insurance Company, Travelers Property Casualty Company of America, and Hartford Fire Insurance Company (collectively "Insurance Companies").[8] Relevant to the present dispute, Stag asserts that its insurance company, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), paid benefits to Stag covering all of the property damage Stag suffered as a result of the fire.[9] Moreover, the Complaint indicates that Stag's tenants also received full compensation from their respective insurers.[10]

On September 19, 2016, the Insurance Companies initiated this subrogation action seeking recovery from Centimark. Pursuant to Utah Code Ann. § 31A-21-108, the Insurance Companies brought suit in the names of the insured parties.[11]

On March 16, 2017, Centimark served Stag with its First Set of Interrogatories, Requests for Production, and Requests for Admission.[12] Liberty Mutual responded by stating:

> this is a subrogation action brought by insurers in the name of their respective insureds pursuant to Utah Code Ann. § 31A-21-108. The actual entities Stag II Lindon, LLC and Stag Industrial, Inc. ('Stag') . . . are not parties to this litigation, were not served with any requests for admission, and are not providing any discovery responses. The real party in interest with respect the damage sustained by Stag is [Liberty Mutual]. Therefore, Liberty [Mutual] construes the word 'Stag' in these requests for admission and in the following answers to mean

---

[6] *Id.* at ¶ 29.
[7] *Id.* at ¶ 39.
[8] *Id.* at ¶¶ 2–9.
[9] Dkt. No. 17 at Ex. 1.
[10] Dkt. No. 2, Ex. B at ¶ 43 ("Upon information and belief, Aquatherm, Cornerstone, Stag, and Vivint, and each of them, were made whole by the respective insurance payments from their insurers.").
[11] *Id.* at ¶ 1.
[12] Dkt. No. 15, Ex. C.

'Liberty [Mutual] suing in the name of Stag pursuant to Utah Code Ann. § 31A-21-108.'[13]

Subsequently, Centimark filed the above motion seeking to compel Stag to respond to its discovery requests.[14]

## DISCUSSION

Centimark seeks an order from the court compelling Stag to respond to its discovery requests and, in the alternative, for the court to deem Stag's nonresponses to its requests for admission as admitted.[15] Centimark claims that because the Insurance Companies sued in the names of the insured parties, Stag is required to directly respond to Centimark's discovery requests.[16] In response, the Insurance Companies argue that Stag has been fully indemnified and, therefore, is a party in name only.[17] According to the Insurance Companies, Centimark must rely on Rule 45 of the Federal Rules of Civil Procedure to seek discoverable information directly from Stag.[18] In other words, the parties simply disagree about the method in which Centimark must go about seeking discovery from Stag.

Subrogation is a doctrine that "allows an insurer, which has paid a loss, to step into the shoes of its insured and recoup its losses from a party whose negligence caused the loss." *Fashion Place Inv., Ltd. v. Salt Lake Cty./Salt Lake Cty. Mental Health*, 776 P.2d 941, 944 (Utah Ct. App. 1989) (citation omitted); *Hemingway v. Constr. by Design Corp.*, 2015 UT App 10, ¶ 8, 342 P.3d 1135. Generally, a subrogation action limits the insurance company to "those rights or causes of action that the insured possesses against the third party." *Bakowski v. Mountain States*

---

[13] *Id.* at Ex. D.
[14] Dkt. No. 15.
[15] *Id.* at i.
[16] *Id.* at 1.
[17] Dkt. No. 17 at 3; Dkt. No. 18 at 2–3. Aquatherm, LLC's insurer, American Economy Insurance Company, did not join in the opposition to Centimark's motion.
[18] Dkt. No. 17 at 9; Dkt. No. 18 at 6.

*Steel, Inc.*, 2002 UT 62, ¶ 23, 52 P.3d 1179.  Pursuant to Utah Code Ann. § 31A-21-108, "[s]ubrogation actions *may* be brought by the insurer in the name of its insured." (emphasis added).  Utah courts have not neatly defined the application of § 31A-21-108 in situations where the insurance company has fully indemnified the injured party.

For example, in *Wilson v. Educators Mutual Insurance Association*, the insurance company argued that § 31A-21-108's use of the word "may" implies that an insurer may bring the action in the name of the insured but is not required to do so.  2016 UT App 38, ¶ 8, 368 P.3d 471, *cert. granted*, *Wilson v. Educators Mut.*, 379 P.3d 1182 (Utah 2016).  The Utah Court of Appeals held that despite § 31A-21-108's use of the permissive word "may," an insurance company does not have independent right to seek subrogated damages in its own name where the injured party has not been made whole.  *Id.* at ¶ 9.  The court recognized that when the insured retains an interest in the case, the insurance company's subrogation rights are secondary to the insured's interest in controlling the cause of action.  *Id.* at ¶ 11.  Furthermore, requiring the insurance company to sue in the name of the insured protects third-party defendants from defending multiple lawsuits.  *Id.* at ¶ 10.  Conversely, if an insurer has fully indemnified the insured, the insurance company has the right to sue in its own name.  *Id.* at ¶¶ 8, 11.  Indeed, when the injured party has been made whole, the same policy considerations are not at issue.  In that situation, the insurance company is the only party in interest and there are no concerns that the third-party defendant will be required to defend multiple lawsuits.

In the court's view, *Wilson* suggests that once an insurance company has fully reimbursed the insured, the insurance company can seek subrogated damages in its own name.  However, *Wilson* is silent on whether the insurance company is required to sue in its own name once the

injured party has been made whole.  Additionally, *Wilson* does not address the insured's responsibilities in discovery where the insurance company is the party in interest.

With this backdrop in mind, the court finds that Stag is not obligated to directly respond to Centimark's interrogatories, requests for production, and requests for admission. Pragmatically, Stag is not a party to this lawsuit.  Stag has been fully reimbursed by Liberty Mutual and Liberty Mutual is the party in interest with respect to any claim Stag has against Centimark.  Therefore, any discovery requests by Centimark should be directed to Liberty Mutual.  Importantly, this procedure will not inhibit or prejudice Centimark.  If Liberty Mutual is unable to provide the discovery necessary to resolve this dispute, which there is no indication that this is the case, Centimark is not left without recourse.  Centimark may use Rule 45 of the Federal Rules of Civil Procedure to procure documentary evidence and deposition testimony from Stag.  Accordingly, Centimark's Motion to Compel is denied.

## CONCLUSION

Based on the forgoing, Centimark's Motion to Compel Discovery Requests from Stag II Lindon, LLC and Deem Matters Admitted[19] is **DENIED**.

As a final note, in December 2016 the local rules for the District of Utah were amended. As of December, all civil discovery disputes must follow the short form discovery motion procedure outlined in DUCivR 37-1.  Accordingly, any future discovery motions filed in this case must comport with DUCivR 37-1.

**IT IS SO ORDERED.**

DATED this 2nd day of June, 2017.

BY THE COURT

_____
Paul M. Warner
Chief United States Magistrate Judge

---

[19] Dkt. No. 15.